UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARY A. K.,<br><br>                    Plaintiff,<br>          v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                    Defendant. | CASE NO. 3:25-CV-5802-DWC<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant's denial of her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB").[1] The Court concludes that the Administrative Law Judge ("ALJ") erred in evaluating the medical opinion evidence. Had the ALJ properly considered the medical opinions, the residual functional capacity ("RFC") may have included additional limitations, or the ultimate determination of disability may have changed. The ALJ's error, therefore, is not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. §

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

405(g), to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

## I.    Procedural History

Plaintiff filed her applications for SSI and DIB on March 5, 2019, alleging disability as of May 19, 2016. Dkt. 8, Administrative Record ("AR") 247–48. Plaintiff's claims were denied initially on May 30, 2019, and upon reconsideration on October 5, 2020. AR 247–48, 287–88. A hearing was held before ALJ Gerard W. Langan on June 24, 2021, AR 185, who issued a decision denying Plaintiff's claim on September 14, 2021. AR 2037.

The Appeals Council denied Plaintiff's request for review on September 23, 2022, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 2043. Plaintiff filed a complaint in the Western District of Washington on November 28, 2022, seeking judicial review of the September 14, 2021, decision. AR 2050. On November 30, 2023, United States Magistrate Judge Theresa L. Fricke entered an order reversing and remanding the September 14, 2021, decision. AR 2074–88.

Pursuant to a remand from the Appeals Council, AR 2089, the matter came on for a second hearing on October 9, 2024, before ALJ Mark Triplett ("the ALJ"). AR 1985. On April 4, 2025, the ALJ entered an order, once again, concluding that Plaintiff was not disabled. AR 1953–73. Plaintiff filed a second complaint with this Court on September 10, 2025, seeking judicial review of the ALJ's April 4, 2025, decision. Dkt. 6.

## II.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

**III.    Discussion**

Plaintiff argues that the ALJ erred in: (1) evaluating certain medical opinion evidence; (2) evaluating Plaintiff's subjective symptom testimony; and (3) making Step Five findings that were based upon an erroneous RFC assessment. Dkt. 18 at 2.

Plaintiff argues that the ALJ erred in evaluating the medical opinions of: (1) Dr. Ruddell; (2) Dr. Wilkinson; and (3) Nurse Practitioner Gizatu. Dkt. 18 at 3–7.

For applications filed after March 27, 2017, in evaluating medical opinion evidence, ALJ's "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[2] Rather, ALJ's must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* The

---

[2] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

critical factors in an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). A medical opinion is more "supportable," and therefore more persuasive, when the sources provide ample relevant "objective medical evidence and supporting explanations" for their medical opinion. *Id.* "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2).

Critically, an ALJ must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Plaintiff argues that the ALJ erred in evaluating the medical opinion of Dr. Wilkinson. Dkt. 18 at 4. The Court agrees.

Dr. Wilkinson conducted a mental status exam of Plaintiff on February 8, 2019, opining, *inter alia*, that Plaintiff had marked limitations in her ability to: perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; maintain appropriate behavior in a work setting; complete a normal work

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

day and work week without interruptions from psychologically based symptoms; and that Plaintiff's overall severity level was "marked." AR 634–35.

The ALJ found that Dr. Wilkinson's February 2019 opinion was not persuasive, noting that it was "poorly supported as the narrative section of the opinion did not show this level of dysfunction" and "woefully contradictive as Dr. Wilkinson noted the claimant had a moderate limitation in making simple decisions, but he also noted [Plaintiff] would not need a payee for benefits." AR 1969. As for consistency, the ALJ found that the opinion was inconsistent with the opinion of Drs. Fitterer and Underwood, who opined moderate limitations in these areas. AR 224, 229, 238, 257, 263, 277, 282. The ALJ also observed that the opinion was inconsistent with Plaintiff's "normal mental status examinations and her modest treatment history" as well as her "robust activities of daily living[.]" AR 1969.

Nonetheless, as Plaintiff argues, "the ALJ failed to evaluate the two new evaluations from Dr. Wilkinson and the new evaluation from NP Gizatu[.]" Dkt. 18 at 4. Indeed, the ALJ explicitly noted in the decision that he had "considered the February 2019 opinion of [Dr.] Wilkinson[,]" but Dr. Wilkinson *also* conducted psychological evaluations of Plaintiff on December 27, 2021, and again on January 4, 2023. AR 2388–95.

In 2021, Dr. Wilkinson opined that Plaintiff's condition had *worsened* since his initial evaluation, opining that Plaintiff had *severe* limitations in her ability to: perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; and to maintain appropriate behavior in a work setting. AR 2390. Dr. Wilkinson concluded that Plaintiff maintained an overall "marked" severity rating. *Id.*

On January 4, 2023, Dr. Wilkinson conducted his third evaluation of Plaintiff. AR 3207. In that report, Dr. Wilkinson opined that Plaintiff still experienced the severe limitations that Dr.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

Wilkinson had opined in 2021, but Plaintiff's ability to complete a normal workday and work week without interruptions from her symptoms had *also* worsened from marked to severe. AR 3209. In this opinion, for the first time, Dr. Wilkinson concluded that Plaintiff had an overall severity of "severe." AR 3210.

Again, the Court observes that, in discounting Dr. Wilkinson's medical opinion evidence, the ALJ specifically indicated that he had considered the "February 2019" opinion of Dr. Wilkinson, Exhibit 5F—but does not cite to, reference, or acknowledge Dr. Wilkinson's subsequent evaluations or opinions, Exhibits 27F and 38F, when evaluating Dr. Wilkinson's opinion—or elsewhere in the decision. AR 1953–69. While an ALJ is "not required to articulate how [they] considered each medical opinion or prior administrative medical finding from one medical source individually[,]" 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1), an ALJ, nonetheless, "may not reject significant probative evidence without explanation." *Flores v. Shalala*, 49 F.3d 562, 571 (9th Cir. 1995) (internal quotation marks and citation omitted).[3]

Moreover, an ALJ has a duty to "set forth" their reasoning "in a way that allows for meaningful review[,]" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), which requires an ALJ to "build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003).[4] Here, the ALJ failed to do so absent discussion of

---

[3] The regulations require that when a medical source offers "multiple medical opinion(s) or prior administrative medical findings, [the ALJ] will articulate how [they] considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Here, as the AJL did not reference Dr. Wilkinson's opinion 2021 and 2023 opinions and only referenced Dr. Wilkinson's *singular* February 2019 opinion, the record does not show the AJL made the single analysis required by the regulations. AR 1969.

[4] As Plaintiff notes, the ALJ also failed to discuss the medical opinion evidence of Nurse Practitioner Gizatu. Dkt. 18 at 7; AR 1953–73. On remand, the ALJ must reconsider all medical opinion evidence, including the opinion of Nurse Practitioner Gizatu.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

these opinions, and for this reason, the Court concludes that the ALJ erred in evaluating the medical opinion evidence of Dr. Wilkinson.

Applying the harmless error analysis, the Court notes that Dr. Wilkinson opined Plaintiff has "severe" functional limitations due to her mental conditions. AR 3210. The Court concludes that, had the ALJ properly considered Dr. Wilkinson's subsequent medical opinions, Plaintiff's RFC, or the ultimate determination of disability may have changed based upon this opinion. The ALJ's error, therefore, is not harmless, and the proper disposition is to reverse and remand the matter for consideration of this medical opinion evidence. *See Stout*, 454 F.3d at 1055; *see also Molina*, 674 F.3d at 1115.

In light of this disposition, the Court need not consider Plaintiff's remaining arguments, because, on remand, the ALJ is instructed to reconsider the entire sequential process, including Plaintiff's subjective symptom testimony, and the medical opinion evidence, including Dr. Wilkinson's 2021 and 2023 medical opinions. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("[A]n RFC that fails to take into account a claimant's limitations is defective."); *Watson v. Astrue*, No. ED-CV-09-1447-PLA, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (concluding the RFC and hypothetical questions posed to the vocational expert at Step Five were defective when the ALJ did not properly consider physicians' findings).

//

//

//

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

## IV.    Conclusion

Based on the foregoing reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** for further administrative proceedings, consistent with this order.

Dated this 10th day of June, 2026.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8